UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY BLANC CLARK,

               Petitioner,

    -vs-

SUPERINTENDENT OF
CAYUGA CORRECTIONAL FACILITY

               Respondent.

_____

                    **DECISION AND ORDER**
                    **No. 11-CV-6329(MAT)**

## I.    Introduction

*Pro se* Petitioner Gary Blanc Clark ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered October 19, 2009, in New York State, County Court, Orleans County, convicting him, upon his guilty plea, of Attempted Criminal Sale of Controlled Substance in the Third Degree (N.Y. Penal Law ("Penal Law") § 220.39[1]).  Petitioner was sentenced to a determinate term of imprisonment of five and one-half years, plus two years of post-release supervision.

## II.  Factual Background and Procedural History

### A.    Introduction

On April 6, 2009, an Orleans County Grand Jury charged Petitioner with one count of Criminal Sale of a Controlled Substance in the Third Degree (Penal Law § 220.39[1]) and one count

-1-

of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16[1]).  The charges arose from an incident that occurred on March 4, 2009, wherein the Orleans County Major Felony Crime Task Force conducted an undercover drug investigation during which Petitioner sold crack cocaine to an undercover police agent.

**B.    Plea & Sentencing**

On August 3, 2009, Petitioner, along with his counsel, appeared before the Hon. James P. Punch in the Orleans County Court.  Petitioner agreed to enter a plea of guilty to a single count of Attempted Criminal Sale of a Controlled Substance in the Third Degree.  Plea Mins. [P.M.] 2. Petitioner admitted that on March 4, 2009, he was in possession of and sold cocaine in Medina, New York. P.M. 5.  The court accepted his guilty plea.  P.M. 6.

On October 19, 2009, the court sentenced Petitioner to a determinate prison term of five and one-half years, plus two years of post-release supervision.  Sentencing Mins. [S.M.] 5.

**C.    The Motions to Vacate the Judgment of Conviction and Set Aside the Sentence**

On or about January 19, 2010, Petitioner moved to vacate the judgment, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10.  In a form motion, Petition listed the following grounds for relief: (1) "[j]udicial [m]isconduct harsh and excessive sentencing, bias judgment, as proven in the sentencing minutes and transcript"; and (2) "[i]neffective counsel - co[]erced to accept a plea in fear

that the attorney and [I] would lose trial, by admission of the
Attorney Scott R[.] Stopa, ESQ[.]"  Resp't Ex. C.

Also on or about January 19, 2010, Petitioner filed a motion
to set aside the sentence, pursuant to CPL § 440.20.  In a form
motion, he listed the following grounds for relief: "ineffective
counsel, bias judgment, judicial misconduct."  Resp't Ex. D.

Approximately one month later, on or about February 19, 2010,
Petitioner again moved to vacate the judgment of conviction,
pursuant to CPL § 440.10.  In a form motion, Petitioner raised the
following issues: (1) ineffective assistance of counsel based on
counsel's failure to challenge the sufficiency of the evidence and
refusal to file a motion on Petitioner's behalf requesting all
Brady material; (2) that the prosecutor committed misconduct by
withholding Brady material; (3) that he was denied his right to
represent himself; and (4) that the plea was involuntary because he
was not informed that he would receive post-release supervision.
See Resp't Ex. E.

Also on or about February 19, 2010, Petitioner filed a motion
to set aside the sentence, pursuant to CPL § 440.20.  In a form
motion, he listed the following grounds for relief:
(1) "'ineffective assistance' of counsel (coerced plea) (available
proof)"; (2) "'withheld evidence,' prosecutor failed to disclose
Brady material impeaching the credibility of prosecutions'
witness."  See Resp't Ex. F.

On May 24, 2010, Petitioner, through counsel, filed a supplemental affidavit in support of Petitioner's *pro se* motions to vacate the judgment claiming that: (1) Petitioner's guilty plea and appeal waiver were not knowing, voluntary and intelligent; (2) that he received ineffective assistance of trial counsel at the plea and sentencing phases of his case; and (3) that Petitioner did not have an opportunity to view discoverable video surveillance tapes.  See Resp't Ex. H.

On November 23, 2010, the Orleans County Court issued a single decision denying the aforesaid motions.   The court dismissed Petitioner's judicial misconduct, bias, ineffective assistance of counsel, and prosecutorial misconduct claims pursuant to CPL § 440.10(2)(b) because Petitioner could raise these record-based claim on direct appeal.  Leave to appeal was denied.  See Resp't Exs. K-M.

**D.   Direct Appeal**

In October 2010, Petitioner, through counsel, appealed his judgment of conviction on the basis that his sentence was harsh and excessive.  See Resp't Ex. N.  The Appellate Division, Fourth Department unanimously affirmed the judgment in a summary decision. People v. Clark, 82 A.D.3d 1674 (4th Dep't 2011) (Resp't Ex. P); lv. denied, 16 N.Y.3d 894 (2011) (Resp't Ex. R).

-4-

**E.   Motion to Set Aside the Sentence**

On or about December 5, 2010, Petitioner filed another motion to set aside the sentence, pursuant to CPL § 440.20.  In this motion, he listed two grounds for relief: (1) judicial misconduct; and (2) bias judgment.  In a supporting affidavit, he argued that he was subject to undue influence to become an informant in an unrelated crime and, therefore, his sentence should be set aside. He also argued that he received an illegal sentence, but did not set forth the basis for this argument.  He furthered argued judicial misconduct with respect to the statements made by the court at sentencing regarding his criminal history.  Finally, he argued that no appeal from his judgment of conviction had been taken.  See Resp't Ex. S.

On April 25, 2011, the Orleans County Court denied the motion, finding that Petitioner's claims did not appear to challenge the legality of his sentence and were therefore not properly raised on a motion pursuant to CPL § 440.20.  The court also determined that the claims were meritless.  See Resp't Ex. U.  Petitioner did not seek leave to appeal the denial of his motion.

**F.   The Habeas Corpus Petition**

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) his sentence was harsh and excessive; (2) that the judge committed misconduct based on an alleged agreement to grant Petitioner's CPL § 440 motion in

exchange for his cooperation as an informant in an unrelated crime; (3) that the court made inflammatory remarks at sentencing regarding his criminal history; and (4) the People failed to turn over <u>Brady</u> material.  <u>See</u> Pet. ¶ 22A-D (Dkt. No. 1).

## III.  The Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."  28 U.S.C. § 2254(b)(1)(A);  <u>see, e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-44 (1999); <u>accord, e.g.</u>, <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995).  "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts."  <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), <u>cert. denied</u>, 464 U.S. 1048 (1984).  As discussed <i>infra</i>, all of Petitioner's claims are unexhausted.

## IV.  Analysis of the Petition

## 1.  Petitioner's Harsh and Excessive Sentence Claim is Unexhausted and Meritless

At ground one of the petition, Petitioner argues, as he did on direct appeal, that his sentence is harsh and excessive.  <u>See</u> Pet. ¶ 22A.  This claim does not warrant habeas relief.

In the habeas petition, Petitioner does not specify the federal constitutional right he believes has been violated by his allegedly "harsh and excessive" sentence.  When he raised this claim on direct appeal, he argued that, given the particular facts and circumstances of his case, the Appellate Division should exercise its discretionary authority under state law to reduce his sentence in the interest of justice.  <u>See</u> Pet'r Br. on Appeal, Point One at Resp't Ex. N.  Petitioner's appellate brief did not contend that his sentence violated any right protected by federal law.  Petitioner did not, therefore, properly exhaust his state court remedies with respect to any constitutional claim concerning his sentence, and his state law claim that his sentence should be reduced in the interests of justice is not cognizable by this Court on habeas review.

The Second Circuit has held that no federal constitutional issue amenable to habeas review is presented where, as here, the sentence is within the range prescribed by state law.  <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992); <u>Fielding v. LeFevre</u>, 548 F.2d 1102, 1108 (2d Cir. 1977); <u>Underwood v. Kelly</u>, 692 F. Supp. 146 (E.D.N.Y. 1988), <u>aff'd</u>, 875 F.2d 857 (2d Cir.), <u>cert. denied</u>, 493 U.S. 837 (1989).  In this case, Petitioner pleaded guilty to one count of Attempted Criminal Sale of a Controlled Substance in the Third Degree, punishable by a maximum determinate sentence of five and one-half years imprisonment.  <u>See</u> Penal Law

§§ 110.00, 220.39[1], 70.70[2][a][ii].  Petitioner was sentenced to the maximum term of imprisonment of five and one-half years.  S.M. 5.  Thus, Petitioner's state law claim does not present a federal constitutional issue cognizable on habeas review.  Accord, e.g., Peppard v. Fischer, 739 F. Supp.2d 303, 309 (W.D.N.Y. 2010) (collecting cases).

Moreover, although Petitioner has not explicitly argued either here or in state court that his sentence violated his rights under the United States Constitution, even if the Court construes Petitioner's appellate brief as raising an Eighth Amendment claim there is no merit to this claim.[1]  The Supreme Court has articulated a principle of "gross disproportionality" for measuring whether a prisoner's sentence violates the Eighth Amendment proscription against "cruel and unusual punishment."  E.g., Harmelin v. Michigan, 501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980).  Only extreme sentences that are grossly disproportionate to the crimes for which

_____

[1]

Although any federal claim concerning Petitioner's sentence is unexhausted, the Court may, nevertheless, deny this claim on the merits. 28 U.S.C. § 2254(b)(2).  The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims.  See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002).  A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation marks omitted).  Under either of these standards, Petitioner's claim is meritless.

they are imposed can be said to violate the Eighth Amendment. <u>See</u> <u>id.</u>; <u>see also</u> <u>United States v. Snype</u>, 441 F.3d 119, 152 (2d Cir. 2006) (noting that successful challenges to the proportionality of particular sentences have been exceedingly rare). Applying the Supreme Court's precedent on this issue, the Court finds that this case does not present one of those rare and extreme circumstances in which the Supreme Court contemplated intervention by a reviewing court into a state's sentencing decision.

Accordingly, Petitioner's harsh and excessive sentencing claim provides no basis for habeas relief and is denied.

## 2. Petitioner's Remaining Claims are Unexhausted But Deemed Exhausted and Procedurally Defaulted

In grounds two, three, and four of the petition, Petitioner argues that: (1) the judge committed misconduct based on an alleged agreement to grant Petitioner's CPL § 440 motion in exchange for his cooperation as an informant in an unrelated crime; (2) that the trial court judge showed bias when he made inflammatory remarks at sentencing; and (3) the People failed to turn over <u>Brady</u> material. <u>See</u> Pet. ¶ 22B-D. These claims are unexhausted but deemed exhausted and procedurally defaulted.

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction before he may seek a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995). The exhaustion

of state remedies requirement means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained. Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000) (citing Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991)).   Petitioner has failed to apply with these exhaustion requirements.

With respect to Petitioner's claims that the judge committed misconduct based on an alleged agreement to grant Petitioner's CPL § 440 motion in exchange for his cooperation as an informant in an unrelated crime and that the court showed bias when it made inflammatory remarks at sentencing, these claims were raised in Petitioner's December 5, 2010 motion to set aside the sentence. See Resp't Ex. S.   The Orleans County Court denied that motion, determining that, although Petitioner's claims did not appear to challenge the legality of the sentence and were therefore not properly raised on a motion pursuant to CPL § 440.20, they were meritless.   See Resp't Ex. U.   Petitioner failed to appeal the denial of this motion in he Appellate Division.   Thus, these claims were not raised in the highest state court in which they could be heard and the claims are therefore unexhausted.   See Morgan, 204 F.3d at 369 (citing Grey, 933 F.2d at 119)).[2]

---

[2]

The Court is mindful of the state court's ruling that Petitioner's claims did not appear to challenge the legality of his sentence and were therefore not properly raised on a motion pursuant to CPL § 440.20.   See Resp't Ex. U.   To this extent, even if the Court were to look past the state court's determination and to the last-in-time place where these claims were "appropriately" raised (i.e.,

With respect to Petitioner's claim that the People failed to turn over <u>Brady</u> material, this claim was raised in Petitioner's February 19, 2010 CPL § 440 motions but was not included in his leave application from the denial of those motions.  <u>See</u> Resp't Ex. C-F, K.  As set forth more fully at Section "II, C" above, the Orleans County Court denied Petitioner's CPL § 440 motions in one decision.  <u>See</u> Resp't Ex. J.   In seeking leave to appeal that denial, Petitioner, through counsel, asked the court to determine whether: (1) the court below erred in finding that the issues raised could be argued during the pending appeal; and (2) whether a hearing should have been held before deciding the motions.   In proffering these arguments, counsel asserted that Petitioner did not understand the particular ramifications of his post-release supervision, and that he received ineffective assistance of counsel.  <u>See</u> Resp't Ex. K.  Consequently, Petitioner's <u>Brady</u> claim is unexhausted for purposes of federal habeas review.  <u>See</u> <u>Diaz v. Mantello</u>, 115 F.Supp.2d 411, 416 (S.D.N.Y. 2000) (where Petitioner did not raise a particular claim in his leave application from the denial of his CPL § 440.10 motion, while raising other claims at length, the omitted claim was not exhausted for purposes of federal habeas corpus review because it was not presented to the highest

---

the January 19, 2010 CPL § 440 motions to vacate and set aside the sentence), the Court would still find the claims unexhausted.  Indeed, Petitioner raised these claims in his January 19, 2010 CPL § 440 motions, which were denied.  However, as discussed *infra*, Petitioner did not include these issues in his leave application when he sought leave to appeal the denial, thereby rendering the claims unexhausted for federal habeas review purposes.  <u>See</u> Resp't Ex. J.

court that could review it) (citing <u>Jordan v. Lefevre</u>, 206 F.3d 196 (2d Cir. 2000)).

Respondent argues that Petitioner's remaining record-based claims should be deemed exhausted but found to be procedurally barred from habeas review because Petitioner no longer has a means to exhaust the claims in state court. <u>See</u> Resp't Mem. of Law at 13-14.  The Court agrees. <u>See</u> <u>Grey</u>, 933 F.2d at 120-21 ("[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'") (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 263 n.9 (1989)).  Here, Petitioner failed to raise his <u>Brady</u> claim in his leave application, and he may not return to the Appellate Division to do so.  <u>See</u> CPL § 460.15(2) (not more than one application may be made for certificate granting leave to intermediate appellate court). Similarly, Petitioner never sought leave to appeal the denial of his judicial misconduct and bias claims and the time to do so has now expired.  <u>See</u> CPL § 460.10(4)(a) (appeal by defendant to intermediate appellate court is taken with thirty days after service upon defendant of copy of order sought to be appealed). Moreover, collateral review of these claims by way of a motion to vacate the judgment of conviction is also foreclosed.  <u>See</u> CPL § 440.10(2)(c) (court must deny motion to vacate where record-based

claim could have been raised on direct appeal but unjustifiably was not).

Despite the procedural default, this Court may review the merits of Petitioner's claims if he can show "cause" for his failure to raise the claims in the state courts and "actual prejudice" resulting therefrom, or, that failure to review the claims will result in a "fundamental miscarriage of justice." See Murray v. Carrier, 477 U.S. 478, 485, 496 (1986); see also Schlup v. Delo, 513 U.S. 298, 316 (1995) (introduction of new evidence of innocence is essential to establish a "fundamental miscarriage of justice" to allow a federal court to reach the merits of a barred habeas claim). Petitioner has not alleged cause and prejudice to overcome the default. Further, he has proffered no new evidence of his innocence or otherwise attempted to avail himself of the miscarriage of justice exception. Accordingly, Petitioner's remaining claims are procedurally defaulted from habeas review and are denied.

## V.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of

<u>Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    June 11, 2012
          Rochester, New York